**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 East Pine Street, 2nd Floor
Missoula, MT 59801
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov



ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| UNITED STATES OF AMERICA, | CR 19-45-M-DLC |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| TODD LOUIS PAJNICH, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Cyndee L. Peterson, Assistant United States Attorney for the District of Montana, and the defendant, Todd Louis Pajnich, and the defendant's attorney, John Rhodes, have agreed upon the following:



| CLP | DEF | ATTY | Date | | Page 1 |
|---|---|---|---|---|---|

1.  **Scope:**  This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant.  It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.  **Charges:**  The defendant agrees to plead guilty to count I of the indictment, which charges the crime of sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a).  This offense carries a mandatory minimum punishment of 15 years imprisonment and a maximum punishment of 30 years imprisonment, a $250,000 fine, not less than five year and up to lifetime of supervised release, and a $100 special assessment.  In addition, if the defendant is found to be non-indigent, he will be ordered to pay a $5,000 special assessment under the Justice for Victims of Trafficking Act.  The defendant may also be ordered to pay up to a $35,000 child pornography assessment under 18 U.S.C. § 2259A.  In addition to the assessment, the defendant shall pay restitution to the victim as set forth below.  At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts II and III of the indictment.

3.  **Nature of the Agreement:**  The parties agree that this plea agreement will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*.  The defendant acknowledges that the agreement will be fulfilled provided the United States:  a) moves to dismiss, and the Court agrees to dismiss,

counts II and III of the indictment and does not pursue other charges against the defendant; and b) makes the recommendations provided below. The defendant understands that if the agreement is accepted by the Court, and counts II and III are dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count I of the indictment. In pleading guilty, the defendant acknowledges that:

    First, at the time, "Jane Doe" was under the age of eighteen years;

    Second, the defendant knowingly employed, used, persuaded, induced, enticed or coerced the minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

    Third, the defendant knew and had reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce.

5. **Waiver of Rights by Plea:**

    (a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

    (b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The

defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The defendant agrees to pay the $100 special assessment at the time of the defendant's sentencing.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8. **Waiver of Appeal of the Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the

sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Megan's Law/Adam Walsh Act Notice:** The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that registrations must be updated no later than three business days after any change of name, residence, employment, or student status. The defendant understands and acknowledges that, prior to any travel, information must be provided relating to intended travel outside of the United

States. 42 U.S.C. § 16914. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**10. Restitution:** Restitution is mandatory, and the defendant agrees to pay restitution to Jane Doe for her losses in any amount up to $50,000. This amount may include payment for future counseling if sought by the victim prior to sentencing.

**11. Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

12. **FOIA Waiver:** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

14. **Detention After Plea:** The defendant acknowledges that he will be detained pending his sentencing hearing.

15. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

16. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing

in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

_____
CYNDEE L. PETERSON
Assistant U. S. Attorney
Date: 11/27/19

_____
TODD LOUIS PAJNICH
Defendant
Date: 11.27.19

_____
JOHN RHODES
Defense Counsel
Date: 11.27.19