**CYNDEE L. PETERSON**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 542-8851
FAX: (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  vs.  **TODD LOUIS PAJNICH,**  Defendant. | CR 19-45-M-DLC  **UNITED STATES' SENTENCING MEMORANDUM** |

The United States of America, by and through Cyndee L. Peterson, Assistant U.S. Attorney for the District of Montana, hereby submits the United States' sentencing memorandum.

1

## I: PSR & USSG SENTENCING GUIDELINES

Defendant Pajnich pleaded guilty to count I: sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a).  PSR ¶ 5.  The United States will move to dismiss the remaining counts of the indictment at sentencing.  *Id.*  The possible statutory penalty for count I is not less than 15 years and up to 30 years in prison, from five years to lifetime supervised release, a $250,000 fine, a $100 special assessment, and a $5,000 special assessment pursuant to 18 U.S.C. § 3014, if the Court determines the defendant is not indigent.  PSR ¶¶ 78, 81, 85, 86, 87.  The defendant is also subject to a special assessment under 18 U.S.C. § 2259A of up to $50,000.[1]  While restitution is mandatory under 18 U.S.C. § 3663A, the victim has not requested restitution.  PSR ¶ 93.

Neither party objected to the U.S. Probation Office's guideline calculation in the Presentence Investigation Report (PSR).  Under the Guidelines, Pajnich's base offense level is 32.  He receives a 4-level increase because the victim was 10 years old.  After a reduction for acceptance of responsibility, this results in a total offense level of 33.  PSR ¶¶ 24-33.  Pajnich's criminal history scored four points

---

[1] Unlike restitution which is tethered to victim losses, the assessment is to be imposed regardless of whether a victim is seeking restitution.  The court may impose an assessment in any amount up to $50,000 for count I.  Imposition of the assessment is guided by factors in 18 U.S.C. §3553(a) and §3572 (including the defendant's ability to pay).

and two points are added as he committed this offense while under a criminal justice sentence.   Pajnich's criminal history score of six establishes a criminal history category of III.   Under the Guidelines, Pajnich faces 180 months to 210 months of imprisonment, from five years to lifetime supervised release, and a fine ranging from $35,000 to $250,000.   PSR ¶¶ 41-43, 78-89.

Pajnich waived all right to appeal.   PSR ¶ 6.

## II.   SUFFICIENT BUT NOT GREATER THAN NECESSARY

There are general factors that district courts must take into account in exercising their sentencing discretion.   Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7). When the Court considers all of the factors enumerated in 18 U.S.C. § 3553(a), the Guidelines and Guidelines Policy Statements, the United States believes a low-end Guidelines sentence of 180 months followed by 10 years of supervised release is the reasonable and appropriate sentence.

Pajnich is 30 years old. PSR at 2. He is not married and has no children. PSR ¶ 49. He has his GED and has indicated that he plans to attend educational courses though the Bureau of Prisons. PSR ¶ 68. The defendant maintained employment for several years, is able-bodied, and has no significant liabilities. PSR ¶¶ 69-76.

His criminal conduct in this case is very troubling as it shows he deliberately preyed upon a child for his own sexual gratification. In late January 2019, he started communicating with a child online whom he personally knew. PSR ¶ 11. (Pajnich asked how old she was "now" as she was six or seven years old when they first met). At that time, the child said she was twelve years old. *Id*. The child was actually 10 years old. PSR ¶¶ 14, 18. Approximately three months later, Pajnich was engaging in graphic, sexual chats with the child and requested an image of her genitals. PSR ¶ 11. There is no question that Pajnich knew she was a minor. *Id*. When the child obeyed Pajnich's directive to show Pajnich her genitals, Pajnich responded with more sexual comments toward the child. *Id*. A

few days later, Pajnich was chatting with the child about running away to his house.  *Id*.  Standing alone, his conduct in this case likely warrants a high-end Guidelines sentence in order to protect the community and to serve the purpose of just punishment.

In terms of Pajnich's personal history and characteristics, the defendant's substance abuse history began when he was first injected with methamphetamine at a young age by his father and then subjected to abuse.  PSR ¶ 62.  He continued using methamphetamine which caused him health problems.  PSR ¶ 52.  It also caused him criminal problems as he was convicted of felony possession of dangerous drugs in 2017.  PSR ¶ 40.  *See also* PSR ¶ 69 (Pajnich fired as assistant manager after employer learned he was selling drugs to employees and customers at the restaurant).  His alcohol abuse has also contributed to his criminal history.  PSR ¶ 37 (negligent endangerment for speeding while intoxicated); and PSR ¶¶ 38, 39 (two .08% BAC convictions).  The defendant states that he does not need substance abuse treatment.  PSR ¶ 65.  His record shows otherwise.  A low-end Guidelines sentence will enable Pajnich to obtain treatment, including mental health treatment.  PSR ¶¶ 56-59.

The United States does not seek a fine, but requests the Court impose the $100 special assessment and order the $5,000 special assessment pursuant to the Justice for Victim of Trafficking Act of 2015 (JVTA).  18 U.S.C. § 3014.  The

assessment is mandatory absent a finding of indigence, and it appears the defendant has the ability to earn in the future. *See United States v. Kelley*, 861 F.3d 790, 801-02 (8th Cir. 2017) (determination of indigency in this context should include both the defendant's current financial situation and the defendant's ability to earn in the future); *United States v. Strange*, 692 F. App'x 346, 349 (9th Cir. 2017) (defendant was "able-bodied" and had the capacity to work in the future); *United States v. Graves*, 908 F.3d 137, 143 (5th Cir. 2018), as revised (Nov. 27, 2018) ("it would be nonsensical for a court to limit itself to considering only a defendant's immediate ability to pay"); *United States v. Shepherd*, 922 F.3d 753, 759 (6th Cir. 2019) (defendant had ability to earn money to pay the assessment in the future); *United States v. Janatsch*, 722 Fed. App'x 806, 811 (10th Cir. 2018) (same). *See also United States v. Knowles*, 770 Fed. App'x. 125, 127, fn 2 (4th Cir. 2019) (not incongruous to find defendant non-indigent for purposes of paying the $5000 special assessment while finding defendant unable to pay a fine; "district court's decision not to impose a separate fine of $25,000 to $250,000 is ... reconcilable with its decision to impose the $5,000 special assessment," because "a defendant may not have the same ability to pay $5,000 as he would have to pay [5] to [50] times that amount,") (citation omitted). Defendant Pajnich possesses skills and an employment history, as well as the intent to learn new vocational

skills while incarcerated, that show at some point he should be able to pay the $5,000 JVTA special assessment.

    A low-end Guidelines sentence imposes a sentence that is sufficient but not greater than necessary given Pajnich's criminal conduct in this case as well as his history and characteristics.  Such a sentence will also promote respect for the law, protect the public from further crimes of the defendant and avoid unwarranted sentencing disparities among similarly situated defendants.  The need to provide restitution to any victims of the offense is not an issue as the child victim has not sought restitution in this case.

    DATED this 18th day of March, 2020.

                                  KURT G. ALME
                                  United States Attorney

                                  */s/ Cyndee L. Peterson*
                                  Assistant U.S. Attorney
                                  Attorney for United States

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Sentencing Memorandum is in compliance with L.R. CR 47.2(c).   The brief's line spacing is double-spaced, with a 14-point font size and contains 1,286 words excluding certificates.

DATED this 18th day of March, 2020.

>      */s/ Cyndee L. Peterson*
>      Assistant U.S. Attorney
>      Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020, a copy of the foregoing document was served on the following persons by the following means:

(1,2) CM/ECF
( ) Hand Delivery
( ) U.S. Mail
( ) Overnight Delivery Service
( ) Fax
( ) E-Mail

1. Clerk, U.S. District Court

2. John Rhodes
   Counsel for Defendant Pajnich

*/s/Cyndee L. Peterson*
Assistant U.S. Attorney
Attorney for United States