IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19–45–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TODD LOUIS PAJNICH, | |
| Defendant. | |

On August 12, 2024, Defendant Todd Louis Pajnich filed a motion for compassionate release. (Doc. 45.) Pajnich's projected release date is July 13, 2032. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed August 28, 2024). The government opposes the motion. (Doc. 48.)

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v.*

1

*Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).  The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community."  U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Pajnich argues that a reduction in his sentence is warranted due to his medical issues.  (Doc. 46 at 7.)  For the reasons discussed below, the Court denies the motion.

I.      **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  On September 28, 2023, the warden of FCI Sheridan received Pajnich's request for sentence reduction.  (Doc. 46-1.)  On February 29, 2024, counsel for Pajnich followed up on Pajnich's request by submitting a letter to the warden.  (Doc. 46-2.)

---

[1] The United States Sentencing Commission recently revised § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (effective Nov. 1, 2023) (available at https://www.ussc. gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

It has been more than 30 days since the receipt of the request, so the Court is satisfied that Pajnich has exhausted the administrative remedies available to him.

## II.     Extraordinary and Compelling Reasons

The Sentencing Commission provides explicit examples of what constitutes an "extraordinary and compelling reason," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," or where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)(B), (b)(1)(C) (U.S. Sent'g Comm'n 2023). Additionally, an extraordinary and compelling reason exists where the defendant presents the following circumstances—

>    (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>    (ii)   due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>    (iii)  such risk cannot be adequately mitigated in a timely manner.

*Id.* § 1B.13(b)(1)(D).

The defendant may also "present any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided. *Id.* § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

In October 2020, Pajnich was assaulted in prison. (Doc. 46 at 8.) He sustained multiple welts, a black eye, and other injuries. (*Id.*) Pajnich argues that the assault exasperated his mental health issues, and that he has since been diagnosed with Post Traumatic Stress Disorder. (*Id.*) While the Court is sympathetic to Pajnich's experience, the Court finds that the October 2020 assault does not amount to an extraordinary and compelling reason to grant Pajnich's request for early release. Pajnich further argues that depression and PTSD decrease a person's immunity to pathogens. (*Id.* at 10.) However, the Court notes that Pajnich declined the opportunity to receive the COVID-19 vaccine, (Doc. 49 at 78), which undercuts his argument that he should be released due to increased vulnerability to disease. Importantly, as highlighted by the Government, Pajnich has not provided any evidence that the Bureau of Prisons is currently unable to treat his health conditions. As such, the Court finds that Pajnich has failed to demonstrate an extraordinary and compelling reason that warrants a reduction in sentence.

### III.   Section 3553(a) Factors

The Court must address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a), which include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1), (2).  Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants.  *See id.* § 3553(a)(4), (6).

The Court finds that § 3553(a)'s sentencing factors, in particular the nature and circumstances of the offense, the need to provide just punishment, the need to protect the public, and the need to provide effective correctional treatment weigh against the requested relief.  Pajnich's offense conduct is very serious: he coerced and manipulated a minor girl into exploitative sexual activity, including the production of child sexual abuse material.  (Doc. 42 at 4–6.)  Pajnich has not engaged in any sex offender treatment and the Court believes he presents a danger to the community.  Pajnich also has substance abuse issues which have not been addressed.

The Court therefore concludes that the § 3353(a) sentencing factors weigh against the requested relief.

## CONCLUSION

Pajnich has not demonstrated an extraordinary and compelling reason to warrant a reduction of his custodial sentence at this time. The § 3553(a) factors do not support a reduction in sentence.

Accordingly, IT IS ORDERED that Pajnich's motion for compassionate release (Doc. 45) is DENIED.

DATED this 3rd day of September, 2024.

Dana L. Christensen, District Judge
United States District Court